IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| JASON DON SELLS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:20-CV-12-Z-BQ |
| | § | |
| NFN CORELY, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION AND DISMISSING COMPLAINT**

This matter comes before the Court on Plaintiff's Complaint, filed January 14, 2020 (ECF No. 3). Defendant Corely arrested Plaintiff while investigating whether Plaintiff's dog bit an alleged trespasser on Plaintiff's property. *See* Complaint § V, at 3. Plaintiff alleges (1) Defendant Corely falsely arrested him and used excessive force during the arrest; (2) Defendant Greene authorized the false arrest; and (3) Defendant McDonough negligently failed to review and reject purportedly false charges stemming from the arrest when he prosecuted Plaintiff's state case. *See id.*; ECF No. 6 § IV, at 2.

On June 8, 2020, the United States Magistrate Judge assigned to this case found Plaintiff's claims against Defendants Corely and Greene to be time barred and that Defendant McDonough enjoyed absolute immunity from suit. *See* ECF No. 27, at 4–8 ("FCR"). He thus recommended the Court dismiss the Complaint with prejudice. *See id.* § IV, at 8. Plaintiff had only until June 22, 2020 to file objections to the FCR. *See* FED. R. CIV. P. 72(b)(2). He did not file any such objections until two days ago, three weeks after the deadline. *See* ECF No. 28, at 1. Because the objections were untimely filed, the Court reviews the FCR only for clear error. *See* FED. R. CIV. P. 72 advisory

1

committee note to 1983 amendment. For the reasons stated below, the Court finds no such clear error, ADOPTS the FCR, and DISMISSES the Complaint. The Court further DENIES Plaintiff's two other motions filed two days ago to amend his Complaint (ECF No. 29) and to appoint counsel to argue the Complaint on his behalf (ECF No. 30).

LEGAL STANDARDS

A. Statute of Limitations for Section 1983 Actions

The statute of limitations for a 42 U.S.C. § 1983 claim presumptively is determined by the forum state's limitations period for personal injuries torts. *See McDonough v. Smith*, 139 S. Ct. 2149, 2155 (2019). In the case of alleged false arrest and excessive use of force, this presumption holds. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Texas, the statute of limitations for personal injury torts is two years from the date when the action accrues. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). Action accrues to both false arrest and excessive force claims on the date when police applied the force and made the arrest. *See Villegas v. Galloway*, 458 F. App'x 334, 338 (5th Cir. 2012); *Crostley v. Lamar County, Texas*, 717 F.3d 410 (5th Cir. 2013).

B. Prosecutorial Immunity

Prosecutors enjoy absolute immunity from suits brought under 42 U.S.C. § 1983 so long as the claims arise from the prosecutor's function as an officer of the court. *See Lewis v. Clarke*, 137 S. Ct. 1285, 1291 (2017); *Wooten v. Roach*, --- F.3d ---, 2020 WL 3638385, at *7 (5th Cir. July 6, 2020). Conversely, prosecutors enjoy "only qualified immunity for acts performed in the course of administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir. 2016).

### C. Amendment of Pleadings

Before trial, a party may amend its pleading once as a matter of course either (1) within twenty-one days of serving it; or (2) if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or after service of a motion under Rule 12(b), (e), or (f) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 15(a)(1). A party otherwise may amend a pleading only with opposing party's written consent or the court's leave. *See* FED. R. CIV. P. 15(a)(2). The district court should freely grant leave if justice so requires, so that the court may decide the case on its merits rather than dismissing it due to procedural or technical defects. *See Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 550 (2010); 6 CHARLES A. WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 1471 (3d ed. 2020). But permissive leave to amend generally only should be granted under Rule 15(a) to enable a party to assert matters that were overlooked or unknown at the time the party filed the original complaint or if previously unimportant factual issues gain new significance. *See In re Beef Industry Antitrust Litigation*, 600 F.2d 1148 (5th Cir. 1979), *cert. denied*, 449 U.S. 905, 905 (1980); 6 CHARLES A. WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 1484 (3d ed. 2020).

### ANALYSIS

Plaintiff was arrested on October 8, 2017. *See* Complaint § V, at 3. Therefore, the statute of limitations for Plaintiff to file (1) his claims of false arrest and excessive use of force against Defendant Corely; and (2) his claim of authorization of false arrest against Defendant Greene expired as of October 8, 2019. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); *Villegas v. Galloway*, 458 F. App'x 334, 338 (5th Cir. 2012); *Crostley v. Lamar County, Texas*, 717 F.3d 410 (5th Cir. 2013). Plaintiff did not file his Complaint until January 4, 2020, i.e. more than three months after the statute of limitations on those claims had run. His claims therefore are time barred

and should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. *See Jones v. Bock*, 549 U.S. 199, 215 (2007).

Plaintiff's only allegation against Defendant McDonough is that he prosecuted charges stemming from Plaintiff's arrest despite what Plaintiff characterizes as a complete lack of evidence. *See* ECF No. 6 § IV, at 2. It is within the traditional function of prosecutors to decide which charges to prosecute. *See Kalina v. Fletcher*, 522 U.S. 118, 125 (1997). Moreover, a prosecutor is immune from a civil suit for damages under 42 U.S.C. § 1983 in his or her decision to initiate a prosecution or to present the State's case. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993). As such, absolute immunity attaches to Defendant McDonough's actions and he is insulated from liability in this case.

Plaintiff asks the Court to amend his Complaint, but the motion to amend was untimely filed under Rule 15(a)(1) of the Federal Rules of Civil Procedure. The Court has discretion to grant him leave to amend under Rule 15(a)(2), but it declines to exercise this discretion because Plaintiff does not assert new facts or contend that previously unimportant issues have gained new significance. *See In re Beef Industry Antitrust Litigation*, 600 F.2d at 1148. Rather, Plaintiff only seeks to *constrict* his claims by dismissing Defendant McDonough from the Complaint. *See* ECF No. 28, at 2. Because of the constriction, the Court above provides Plaintiff with *more* process and *more* consideration of the merits of his claims than he currently seeks. The Court therefore can identify no reason — formal under *In re Beef Industry* or based on the more subjective "ends of justice" standard in Rule 15(a)(2) — to grant the requested leave to amend.

For all the foregoing reasons and after making an independent review of the pleadings, files, and records in this case, the Court concludes that the findings, conclusions, and recommendation of the Magistrate Judge are correct. It is therefore ORDERED that the findings,

conclusions, and recommendation of the Magistrate Judge are ADOPTED. All Plaintiff's claims are DISMISSED with prejudice. Defendant's untimely motion to amend his Complaint, ECF No. 29, is DENIED. Plaintiff's motion for the Court to appoint counsel to argue Plaintiff's claims on his behalf, ECF No. 30, is DENIED as MOOT.

**SO ORDERED**.

July  16 , 2020.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE